UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

RICHARD THOMAS PHELAN,

    Plaintiff,

v.

ROBERT ATACK,
*Police Officer, Montgomery County Police Dept.*,
TIMOTHY HOLLIS,
*Police Officer, Montgomery County Police Dept.*,
J. THOMAS MANGER,
*Chief of Police, Montgomery County Police Dept.*,
DR. NILANTHA LENORA,
DR. KAMARU FODERINGHAM and
ISIAH LEGGETT, *Montgomery County, Maryland County Executive*,
*in their Individual and Official capacities*,

    Defendants.

Civil Action No. TDC-19-1867

## MEMORANDUM OPINION

Plaintiff Richard Thomas Phelan, who is presently incarcerated at the Howard County Detention Center in Jessup, Maryland, has filed this self-represented civil rights complaint alleging federal and state constitutional claims, as well as common law tort claims, arising from an incident on June 29, 2016 in Montgomery County, Maryland during which he was allegedly subjected to an unlawful seizure and excessive force by Officers Robert Atack and Timothy Hollis of the Montgomery County Police Department ("MCPD"). Pending before the Court are a Motion to Dismiss filed by Atack, Hollis, former MCPD Chief Thomas Manger, and former Montgomery County Executive Isiah Leggett (collectively, "the County Defendants") and two separate Motions

to Dismiss filed by Defendants Dr. Nilantha Lenora and Dr. Kamru Foderingham (collectively, "the Medical Defendants"). For the reasons set forth below, the County Defendants' Motion will be GRANTED IN PART and DENIED IN PART, and the Medical Defendants' Motions will be GRANTED.

## BACKGROUND

### I. The June 29, 2016 Incident

Phelan alleges that on the evening of June 29, 2016, he met with two people at an apartment building on Mills Choice Road in Montgomery County, Maryland. At the same time, MCPD officers assigned to the Special Assignment Team ("SAT") were near the apartment building tracking a known drug dealer who had previously made complaints against Atack and Hollis. According to Phelan, he did not know the drug dealer and had no interactions with him that evening. Nevertheless, when Phelan left the apartment building and started to walk away, Atack attacked him from behind, yelled out, "Hey, muthafucker," and started to choke him. Compl. ¶ 21, ECF No. 1-3. Atack did not identify himself as a police officer. Atack yelled several times for Phelan to "spit it out," then Phelan lost consciousness. *Id.* ¶ 24. When Phelan regained consciousness, he felt pain in his left ribcage area and later learned that Hollis had kicked and "kneed" him in the ribs while he was unconscious. *Id.* ¶ 46. Phelan states there was a footmark on his shirt where his ribs were kicked. Phelan also alleges that Atack or Hollis performed a body cavity search on him while he was unconscious. According to Phelan, he did not resist the officers, and he was not arrested. He contends that Atack and Hollis filed a false police report about the incident.

Phelan was taken to Shady Grove Adventist Hospital where, he alleges, medical personnel, including Dr. Lenora and Dr. Foderingham, did not believe his complaints of a severe rib injury

2

and misdiagnosed an x-ray as showing only an "acute bruise." *Id.* ¶ 44. Because the officers falsely told the medical staff that Phelan had overdosed on drugs, he was given the lowest possible dose of pain medication.

Following this incident, Phelan visited his primary care physician. According to a magnetic resonance imaging ("MRI") taken on July 27, 2016, the earliest date he could obtain an MRI, Phelan sustained four fractured and displaced ribs. He also suffered facial abrasions, recurring headaches, and psychological trauma as a result of the attack.

## II. Procedural History

On June 24, 2019, Phelan filed his original Complaint naming as Defendants Atack, Hollis, Manger, and Leggett. Construed liberally, the Complaint alleges, under 42 U.S.C. § 1983, that Atack and Hollis engaged in an unlawful seizure of and excessive force against Phelan, and also filed a false police report against him, in violation of the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, as well as comparable claims under Articles 19, 24, and 26 of the Maryland Declaration of Rights. Phelan also asserts against Atack and Hollis common law claims of assault, battery, false arrest and false imprisonment, negligence, gross negligence, invasion of privacy, intentional infliction of emotional distress, and conspiracy.

Phelan also alleges, presumably through claims against Manger and Leggett in their official capacities, that the County is liable for federal constitutional violations under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), based on a custom and policy of tolerating civil rights abuses by its police officers. He also asserts claims of negligent training and supervision against Manger and Leggett. Phelan seeks $500,000 in compensatory damages, $500,000 in punitive damages, and unspecified injunctive and declaratory relief.

3

In an Amended Complaint filed on September 20, 2019, Phelan named as additional Defendants Dr. Lenora and Dr. Foderingham, who had treated him at Shady Grove Adventist Hospital. That same day, Atack, Hollis, and Manger filed a Motion to Dismiss ("the First Motion to Dismiss") seeking partial dismissal of the Complaint. On September 27, 2019, Atack and Hollis each filed an Answer to the Complaint.

On November 22, 2019, the Court notified Phelan that because the Amended Complaint failed to allege sufficient facts to state a claim against Dr. Lenora, Dr. Foderingham, and Leggett it would not order service of those Defendants, but it granted Phelan leave to file another Amended Complaint for the limited purpose of providing additional allegations as to those Defendants. On December 20, 2019, Phelan filed "amendments" to the Complaint, specifically that Dr. Lenora and Dr. Foderingham engaged in medical malpractice in failing to treat his injuries properly based on a belief that he had been fighting with the police. ECF No. 21. The Court construed these amendments, combined with the allegations in the First Amended Complaint, to be a Second Amended Complaint. In light of the amendments, the Court denied without prejudice the First Motion to Dismiss and granted leave for Defendants to file a Second Motion to Dismiss after service was effected on Leggett.

On July 1, 2020, the County Defendants filed a Second Motion to Dismiss ("the County Defendants' Motion") seeking dismissal of all claims against Manger and Leggett and partial dismissal of the claims against Atack and Hollis. The County Defendants' Motion seeks dismissal of (1) the claim for declaratory and injunctive relief; (2) the unlawful seizure and excessive force claims under the Fifth and Fourteenth Amendments; (3) the unlawful seizure claim under Articles 19 and 24 of the Maryland Declaration of Rights and the excessive force claim under Article 19; (4) the negligence and gross negligence claims; (5) the constitutional claims against Manger and

Leggett based on a custom or policy of the County, pursuant to *Monell*; (6) the claims against Manger and Leggett for negligent training and supervision; (7) the claim of conspiracy; and (8) the claim of invasion of privacy. The County Defendants' Motion did not seek dismissal of the remaining claims against Atack and Hollis (collectively, "the Officer Defendants"), consisting of a claim of an unlawful seizure under the Fourth Amendment and Article 26 of the Maryland Declaration of Rights, a claim of excessive force under the Fourth Amendment and Articles 24 and 26 of the Maryland Declaration of Rights, a due process claim under the Fourteenth Amendment based on the filing of a false report, and the common law claims of assault, battery, false arrest and imprisonment, and intentional infliction of emotional distress.

On July 22, 2020, Dr. Lenora and Dr. Foderingham each filed a separate Motion to Dismiss. ECF Nos. 32, 35. In these Motions, the Medical Defendants seek dismissal on the grounds that Phelan failed to exhaust administrative remedies by first filing a claim under the Maryland Health Care Malpractices Act, Md. Code Ann., Cts. & Jud. Proc. § 3-2A-01 to -10 (LexisNexis 2020), with the Maryland Health Care Alternative Dispute Resolution Office.

On October 5, 2020, Phelan filed a "Partial Opposition to Defendants' Motion to Dismiss" in which he requested that the Court dismiss all claims against the Medical Defendants and acknowledged that Dr. Lenora was mistakenly named as a Defendant. ECF No. 46. He also agreed to dismissal of all claims against Manger and Leggett, as well as to dismissal of all claims against the Officer Defendants addressed in the County Defendants' Motion with the exception of the negligence claims. On the same day, Phelan filed a Motion for Leave to Amend the Original Complaint, ECF No. 47, in which he states that because the prior amendment was limited to the claims against the Medical Defendants and Leggett, he has not had a full opportunity to amend the

5

allegations against the other Defendants. He also filed a Motion for Appointment of Counsel. ECF No. 48.

## DISCUSSION

### I.   Motions to Dismiss

Where Phelan has voluntarily agreed to dismissal of all claims against the Medical Defendants, the Court will grant the Medical Defendants' Motions to Dismiss. Phelan has also agreed to dismissal of all claims against Manger and Leggett, as well as all claims against the Officer Defendants that were the subject of the County Defendants' Motion except for the negligence claims. The Court will therefore grant the County Defendants' Motion in its entirety with the exception of the negligence claims. The Court does not dismiss the claims that were not the subject of the County Defendants' Motion and were the subject of the Officer Defendants' previously filed Answers, as enumerated above. Thus, the only claims to be addressed at this time are Phelan's negligence claims against the Officer Defendants.

#### A.   Legal Standard

Defendants seek dismissal of the negligence claims under Federal Rule of Civil Procedure 12(b)(6). To defeat a motion to dismiss under Rule 12(b)(6), the complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when the facts pleaded allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Legal conclusions or conclusory statements do not suffice. *Id.* The Court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cty.*, 407 F.3d 266, 268 (4th Cir. 2005).

**B.     Negligence**

Defendants assert that the claims of negligence and gross negligence against the Officer Defendants are barred by under the common law doctrine of public immunity. In Maryland, public official immunity applies to torts consisting of "negligence actions or defamation actions based on allegedly negligent conduct." *Lee v. Cline*, 863 A.2d 297, 305 (Md. 2004). The elements of public official immunity are that (1) the actor is a public official, "rather than a mere government employee or agent"; (2) the alleged tortious conduct occurred while the actor "was performing discretionary, as opposed to ministerial, acts"; and (3) the actor committed the relevant acts "in furtherance of" official duties. *Ashton v. Brown*, 660 A.2d 447, 470 (Md. 1995) (quoting *James v. Prince George's Cty.*, 418 A.2d 1173, 1178 (Md. 1980)).

Police officers are deemed to be public officials for purposes of public official immunity. *Robinson v. Bd. of Cty. Comm'rs for Prince George's Cty.*, 278 A.2d 71, 74 (Md. 1971); *McGowan v. Prince George's Cty.*, 401 F. Supp. 3d 564, 571 (D. Md. 2019). Even if the remaining two elements are satisfied, however, public official immunity does not apply if the actor performed the relevant acts with malice, acted with gross negligence, or committed an intentional tort. *See Ashton*, 660 A.2d at 470 (discussing malice); *Johnson v. Balt. Police Dep't*, 452 F. Supp. 3d 283, 297-98 (D. Md. 2020). Malice is established by proof that the defendant officer intentionally performed "an act without legal justification or excuse, but with an evil or rancorous motive influenced by hate, the purpose being to deliberately and willfully injure plaintiff." *Leese v. Balt. Cty.*, 497 A.2d 159, 179 (Md. Ct. Spec. App. 1985) (citation omitted). Gross negligence is "an intentional failure to perform a manifest duty in reckless disregard of the consequences as affecting the life or property of another, and also implies a thoughtless disregard of the consequences without

the exertion of any effort to avoid them." *Cooper v. Rodriguez*, 118 A.3d 829, 845-46 (Md. 2015) (quoting *Barbre v. Pope*, 935 A.2d 699, 717 (Md. 2007)).

Here, Phelan specifically alleges that Atack and Hollis acted with malice, gross negligence, and the intent to injure him. Beyond these general allegations, Phelan has described a brutal and prolonged assault that included an attack from behind, choking, and being kicked in the ribs while he was unconscious. Significantly, Phelan also states that at the time of the incident, the SAT Team was tracking a known drug dealer who had previously filed complaints of excessive force against Atack and Hollis, and that Atack yelled, "Hey, muthafucker" at Phelan as he assaulted him. Compl. ¶ 21. Taken together, these allegations are sufficient to support the claim that the Officer Defendants' actions were taken with malice or gross negligence, such that dismissal based on public official immunity is not warranted. Accordingly, the Court will deny the County Defendants' Motion as to the claims of negligence and gross negligence against the Officer Defendants.

## II.    Remaining Motions

Although the Court has dismissed, with Phelan's consent, a substantial number of claims, and all claims against certain Defendants, this case is far from over. The core of the case—Fourth Amendment claims against the Officer Defendants for an unlawful seizure and excessive use of force—remains, as do several related state constitutional and common law claims. Where the outcome of this case will turn on the factual record to be developed, and Phelan remains incarcerated and likely lacks the ability to conduct discovery and a trial on his own, the Court will grant the Motion for Appointment of Counsel.

As for the Motion for Leave to Amend the Original Complaint, although Phelan has already amended the Complaint twice, the first amendment was primarily to add the names of the Medical

8

Defendants. The Second Amended Complaint was subject to the Court's instruction to limit new allegations to facts relating to the Medical Defendants and Leggett. Thus, Phelan is correct that he has not actually amended the factual allegations relating to the June 29, 2016 incident or the claims against the Officer Defendants. Where Phelan's agreement to the dismissal of all claims other than the negligence claim and the claims not addressed by the County Defendants' Motion may have been predicated on the assumption that he would be granted leave to amend the Complaint, those dismissals will be without prejudice, and the Court will not preclude further amendment, including to reassert claims voluntarily dismissed.

The Court will not, however, grant leave to amend at this time. Presently remaining in the case are claims against the Officer Defendants for unlawful seizure under the Fourth Amendment and Article 26 of the Maryland Declaration of Rights; for excessive force under the Fourth Amendment and Articles 24 and 26 of the Maryland Declaration of Rights; for filing a false report in violation of the Fourteenth Amendment; and for the common law torts of assault, battery, false arrest and imprisonment, and intentional infliction of emotional distress. The dismissed claims include a number of causes of action that were either redundant of the remaining claims or are likely subject to dismissal as not applicable to the alleged facts. Where Phelan will receive appointed counsel whose judgment on the need for further amendment should be brought bear, the Court will deny without prejudice the Motion for Leave to Amend the Original Complaint. Once counsel is appointed, counsel should consider whether, in light of the remaining claims and the fact that the Court is prepared to order discovery to proceed in the absence of any additional amendments, any further amendment is actually necessary or advisable given the likelihood of another round of motions to dismiss and the resulting delays. If after such consideration, counsel concludes that further amendment is warranted and in the best interests of Phelan, counsel may

file a renewed Motion for Leave to Amend the Complaint in compliance with the requirements of Local Rule 103.6.

## CONCLUSION

For the foregoing reasons, the Medical Defendants' Motion to Dismiss will be GRANTED, and the County Defendants' Motion will be GRANTED IN PART and DENIED IN PART. All claims against the Medical Defendants, Manger, and Leggett will be DISMISSED WITHOUT PREJUDICE. All claims against Atack and Hollis will be DISMISSED WITHOUT PREJUDICE with the exception of the claims for unlawful seizure under the Fourth Amendment and Article 26 of the Maryland Declaration of Rights; excessive force under the Fourth Amendment and Articles 24 and 26 of the Maryland Declaration of Rights; a filing a false report in violation of the Fourteenth Amendment; and for the common law torts of assault, battery, false arrest and imprisonment, and intentional infliction of emotional distress. Phelan's Motion for Appointment of Counsel will be GRANTED, and Phelan's Motion for Leave to File an Amended Complaint will be DENIED WITHOUT PREJUDICE. A separate Order shall issue.

Date: December 1, 2020

THEODORE D. CHUANG
United States District Judge